UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JASON SAUNDERS, | ) | 1:07-CV-00557 LJO SMS HC |
| Petitioner, | ) ) | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ) ) ) | |
| JOHN TORRES, | ) ) | |
| Respondent. | ) ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

On April 11, 2007, Petitioner filed the instant petition for writ of habeas corpus in this Court. It appears from the petition that Petitioner seeks to challenge a 2002 conviction for possession of a controlled substance in an institution. Petitioner lists his grounds for relief as: 1) "IAC"; 2) "Evidentiary issues"; and 3) "Pitchess issues."

**DISCUSSION**

A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

>If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B. Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

>The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

>resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In the instant case, Petitioner fails to state a cognizable federal claim. First, he does not state his claims with any specificity. For instance, "Evidentiary issues," without any explanation as to what these issues may be, is totally insufficient. Second, in the space provided for supporting facts, Petitioner provides nothing. He merely states "Attached," but alas, there is nothing attached.

Rule 2(c) of the Rules Governing Section 2254 Cases states, in relevant part:

> [The petition] *shall specify* all of the grounds for relief which are available to the petitioner of which he has or by the exercise of due diligence should have knowledge and shall set forth *in summary form* the facts supporting each of the grounds thus specified. It shall also state the relief requested. The petition shall be typewritten or legibly handwritten and shall be signed under penalty of perjury by the petitioner.

(Emphasis added.)

Further, it is not the duty of federal courts to try to second guess the meanings of statements and intentions of petitioners. Rather the duty is upon the individual to assert a denial of his constitutional rights and come forth with a statement of sufficient clarity and sufficient supporting facts to enable a court to understand his argument and to render a decision on the matter.

Rule 4 of the Rules Governing Section 2254 Cases explicitly allows the district court to dismiss summarily a habeas petition when no claim for relief is stated. See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990.) Notice pleading is insufficient; the petitioner must state sufficient facts. See id. (*citing* Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977).

Petitioner will be provided an opportunity to cure the defects in his petition by filing an amended petition. He is advised that failure to do so in compliance with this Order will result in dismissal.

C. Failure to Name a Proper Respondent

In this case, Petitioner names John Torres as Respondent in this matter. Petitioner is incarcerated at the California Substance Abuse Treatment Facility and State Prison located in Corcoran, California. Petitioner does not indicate who John Torres is; however, the warden at his facility is Derral Adams.

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.

1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. Id.

Petitioner's apparent failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976). However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility. See West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED with leave to amend for failure to state a claim cognizable under 28 U.S.C. § 2254 and for failure to name a proper respondent.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Petitioner may file an amended petition within thirty (30) days after being served. The amended petition must be in compliance with this Order. If Petitioner files said amended petition, the Court will vacate this Findings and Recommendation. In addition, within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the

1  Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure
2  to file objections within the specified time may waive the right to appeal the District Court's order.
3  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4
5
6  IT IS SO ORDERED.
7  **Dated:     April 27, 2007**              **/s/ Sandra M. Snyder**
                                    UNITED STATES MAGISTRATE JUDGE
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28