UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JASON SAUNDERS, | ) | 1:07-CV-00557 SMS HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING FIRST REQUEST FOR |
| | ) | EXTENSION OF TIME |
| v. | ) | [Doc. #38] |
| | ) | |
| KEN CLARK, Warden, et al., | ) | ORDER DENYING MOTION FOR COPIES |
| | ) | OF DOCUMENTS |
| Respondents. | ) | [Doc. #38] |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to the exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

On November 21, 2008, Respondent filed a motion to dismiss the petition for failure to exhaust and for untimeliness. According to the Court's briefing schedule, Petitioner was provided twenty-one days for filing an opposition to the motion. On December 5, 2008, Petitioner filed the instant motion for extension of time and for copies of documents.

With respect to Petitioner's motion for additional time, the Court finds good cause to grant said motion. Petitioner will be granted thirty (30) days from the date of service of this order to file his opposition. As to Petitioner's motion for copies of documents, his requests will be denied.

Petitioner complains that he was forced to file his only copy of the First Amended Petition because he was unable to obtain the necessary copies before the deadline set for filing the petition.

Petitioner is informed that this unfortunate circumstance is his own doing. As discussed in the Court's August 5, 2008, order imposing the final deadline for filing of the amended petition, Petitioner was provided with **a full year** to complete and file his amended petition. Petitioner was clearly provided with more than ample time to complete his amended petition and obtain the necessary copies. Therefore, the Court will not order the Clerk's office to provide him a copy. Petitioner is advised that he may obtain copies by contacting the Clerk's office and paying the required copying fees.

As to his request that the Court order Respondent to serve him with copies of all documents lodged with the Court, Petitioner's request is also denied. Rule 5 of the Rules Governing Section 2254 Cases requires that Respondent furnish the Court with all relevant records. It does not require that Respondent serve these documents also on Petitioner. The Court does not find that Petitioner is "required to guess the contents of the many documents lodged with the court." See Petitioner's Motion at 6. Respondent accurately describes each lodged document and the court in which the document was filed. Moreover, these records are of Petitioner's own conviction and subsequent proceedings. Petitioner should have these records in his possession. If he does not, he can make application to the respective courts, as Respondent has done.

Accordingly, IT IS HEREBY ORDERED:

1) Petitioner is GRANTED an extension of time of thirty (30) days from the date of service of this order to file an opposition to Respondent's motion to dismiss;

2) Petitioner's motion for an order directing the Clerk of Court to produce copies for Petitioner is DENIED; and

3) Petitioner's motion for an order directing Respondent to serve him copies of all Petitioner's state court proceedings is DENIED.

IT IS SO ORDERED.

**Dated:   December 12, 2008**          /s/ Sandra M. Snyder
UNITED STATES MAGISTRATE JUDGE