UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SAUNDERS,<br><br>               Petitioner,<br><br>   v.<br><br>KEN CLARK, Warden, et al.,<br><br>               Respondents. | 1:07-CV-00557 SMS HC<br><br>ORDER DENYING PETITIONER'S<br>MOTION FOR DISCOVERY<br><br>[Doc. #40] |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      On January 14, 2009, Petitioner filed a motion requesting leave of court to conduct discovery. Petitioner states discovery is necessary to obtain certain documents and records which would support his opposition to Respondent's motion to dismiss. Petitioner states the documents will show his legal documents were seized on September 21, 2005, and returned on December 30, 2005. He further states the documents will show he was out to court on certain dates in 2006 and 2007.

      "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 903-05 (1997). Rule 6(a) of the Rules Governing Section 2254 Cases provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of

| | |
|---|---|
| 1 | discovery." See also Rich v. Calderon, 187 F.3d 1064, 1068 (9th Cir.1999) ("[D]iscovery is available |
| 2 | only in the discretion of the court and for good cause shown"). Further, Rule 6(b) states that the party |
| 3 | requesting discovery "must provide reasons for the request," and *inter alia*, "must specify any |
| 4 | requested documents." |
| 5 | Petitioner's request will be denied. First, as Respondent correctly argues, the petition is a |
| 6 | mixed petition containing unexhausted claims. Therefore, discovery is inappropriate. Calderon v. |
| 7 | United States District Court (Hill), 120 F.3d 927, 928 (9th Cir.1997); Calderon v. United States |
| 8 | District Court (Nicolaus), 98 F.3d 1102, 1106-07 (9th Cir.1996), *cert. denied*, 520 U.S. 1233 (1997). |
| 9 | Second, it does not appear that the facts Petitioner seeks to support with documentation are in |
| 10 | dispute. Discovery would serve no purpose at this point. Therefore, Petitioner fails to demonstrate |
| 11 | good cause. His request for discovery is DENIED. |
| 12 | IT IS SO ORDERED. |
| 13 | **Dated:     February 20, 2009**              /s/ Sandra M. Snyder |

                                    UNITED STATES MAGISTRATE JUDGE