# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SAUNDERS,<br><br>          Petitioner,<br><br>v.<br><br>JOHN TORRES,<br><br>          Respondent. | 1:07-CV-00557 SMS HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS<br>[Doc. #36]<br><br>ORDER DISMISSING PETITION AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT<br><br>ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties having voluntarily consented to exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1), by order dated November 3, 2008, this case was assigned to the undersigned for all purposes, including entry of final judgment.

**BACKGROUND**

On June 19, 2002, Petitioner was found guilty of possessing a controlled substance, heroin, while incarcerated. See LD 1.[1] On July 18, 2002, he was sentenced to a total of eight years in prison. See LD 1. Petitioner appealed the conviction to the California Court of Appeals, Fifth Appellate District (hereinafter "Fifth DCA"). On April 14, 2004, the Fifth DCA affirmed the judgment. See LD

---

[1] "LD" refers to the documents lodged by Respondent with his motion to dismiss.

2. Petitioner then sought review in the California Supreme Court. On July 14, 2004, the petition was summarily denied. See LD 4.

Petitioner filed thirteen post-conviction collateral challenges with respect to the judgment in the state courts, all petitions for writ of habeas corpus, as follows:

1. <u>Kings County Superior Court</u>
Filed: August 31, 2004[2];
Denied: October 4, 2004;

2. <u>California Court of Appeals, Fifth Appellate District</u>
Filed: November 7, 2004;
Denied: December 3, 2004;

3. <u>Kings County Superior Court</u>
Filed: March 9, 2005;
Denied: May 25, 2005;

4. <u>California Court of Appeals, Fifth Appellate District</u>
Filed: May 31, 2005;
Denied: July 14, 2005;

5. <u>California Supreme Court</u>
Filed: August 3, 2005;
Denied: June 14, 2006;

6. <u>Kings County Superior Court</u>
Filed: July 9, 2006;
Denied: July 31, 2006;

7. <u>California Supreme Court</u>
Filed: August 22, 2006;
Denied: March 14, 2007;

8. <u>Kings County Superior Court</u>
Filed: August 22, 2006;
Denied: October 5, 2006;

9. <u>California Court of Appeals, Fifth Appellate District</u>
Filed: November 16, 2006;
Denied: November 30, 2006;

10. <u>California Supreme Court</u>
Filed: December 10, 2006;
Denied: March 14, 2007;

---

[2] In <u>Houston v. Lack</u>, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. <u>Houston v. Lack</u>, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period. <u>Huizar v. Carey</u>, 273 F.3d 1220, 1222, (9th Cir. 2001), *citing* <u>Houston v. Lack</u>, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). Therefore under the mailbox rule, the Court deems the state petitions filed on the date Petitioner signed and presumably handed his petition to prison authorities for mailing.

| | | |
|---|---|---|
| 1 | 11. | Kings County Superior Court |
| 2 | | Filed: April 10, 2007; |
| | | Denied: June 1, 2007; |
| 3 | 12. | California Court of Appeals, Fifth Appellate District |
| | | Filed: June 13, 2007; |
| 4 | | Denied: June 22, 2007; |
| 5 | 13. | California Supreme Court |
| | | Filed: June 25 2007; |
| 6 | | Denied: December 12, 2007. |

See LD 5-30.

On April 11, 2007, Petitioner filed a federal habeas petition in this Court. Following a preliminary review of the petition, the undersigned issued an order on April 27, 2007, recommending the petition be dismissed with leave to amend for failure to state a claim. On September 11, 2008, Petitioner filed an amended petition in compliance with the Court's Order, and Respondent was directed to respond. On November 21, 2008, Respondent filed a motion to dismiss the petition for violating the statute of limitations and for failing to exhaust state remedies. Petitioner filed his opposition to said motion on February 12, 2009, and Respondent replied to the opposition on March 11, 2009.

**DISCUSSION**

A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period and for failure to exhaust state remedies. Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the initial petition was filed on April 11, 2007, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final.  In this case, the petition for review was denied by the California Supreme Court on July 14, 2004. Thus, direct review concluded on October 12, 2004, when the ninety (90)

day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). The statute of limitations commenced on the following day, October 13, 2004, and expired one year later on October 12, 2005. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir.2001). Here, Petitioner delayed filing the instant petition until April 11, 2007. Absent any applicable tolling, the instant petition is barred by the statute of limitations.

C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely, or it was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

1. First and second petitions

As stated above, the statute of limitations commenced on October 13, 2004. Respondent concedes that the first and second state habeas petitions tolled the limitations period, and Petitioner agrees with Respondent's statutory tolling computations. Therefore, the limitations period was tolled until the second habeas petition was denied, to wit, December 2, 2004.

2. Third, fourth and fifth petitions

On March 9, 2005, Petitioner filed his third state habeas petition. Rather than proceeding to the next appellate level, however, he filed in a lower court. As discussed above, no gap tolling is

permitted for non-ascending petitions. Thus, at the time the third petition was filed, 95 days of the limitations period had lapsed. Respondent concedes the limitations period was then tolled for the time the third petition was filed until the fifth petition was denied.

### 3. Sixth petition

The sixth petition was a non-ascending petition; therefore, no gap tolling is provided for the interval between the fifth and sixth petitions. Accordingly, 24 more days of the limitations period lapsed for a total of 119 days. Because the sixth petition was properly filed, the limitations period was tolled during its pendency.

### 4. Seventh through tenth petitions

Respondent contends that the seventh, eighth, ninth, and tenth petitions did not operate to toll the limitations period because they were not properly filed petitions. The seventh petition was denied as untimely under state law with citation to In re Clark, 5 Cal.4th 750 (1993) and In re Robbins, 18 Cal.4th 770, 780 (1998). See LD 18. The eighth petition was denied by the superior court as untimely. See LD 20. The ninth petition also was denied as untimely by the appellate court, which had silently adopted the reasoning of the superior court. See LD 22. The tenth petition was denied as untimely with citation to In re Clark, 5 Cal.4th 750 (1993) and In re Robbins, 18 Cal.4th 770, 780 (1998). See LD 24. Petitioner concedes in his opposition that these petitions did not statutorily toll the limitations period. Accordingly, the limitations period resumed on August 1, 2006, the date after the sixth petition was denied. With 246 days remaining (365-119), the limitations period expired on April 4, 2007. Petitioner did not file his initial federal petition until April 11, 2007. The federal petition is therefore untimely.

### 5. Eleventh, twelfth and thirteenth petitions

Petitioner is not entitled to statutory tolling for these three state petitions because they were not filed until after the statute of limitations had already expired. Because the limitations period had already expired, the collateral challenges could have no tolling consequence. Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002).

### 6. Relation back of first amended petition

Respondent further argues that the claims Petitioner presents in his first amended petition which he filed on September 11, 2008, are untimely and do not relate back to the April 11, 2007, petition. The initial 2007 petition was dismissed by this Court for failure to state a claim. That petition had only presented the following claims: "IAC," "Evidentiary issues," and "Pitchess issues," without so much as an explanation or single supporting fact. As correctly argued by Respondent, this presentation of claims was completely insufficient to provide the common core of operative facts required for relation back. Mayle v. Felix, 545 U.S. 644, 657 (2005).

In sum, the limitations period expired on April 4, 2007. The claims raised in the instant first amended federal petition were not presented until September 11, 2008. Accordingly, Respondent is correct, as Petitioner concedes, that the claims are untimely by over seventeen months.

### D. Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

Petitioner argues he should be granted equitable tolling because his legal papers were seized by prison authorities and kept from him for approximately three and one-half months. The confiscation of a prisoner's legal papers may indeed justify equitable tolling provided the confiscation prevented him from filing on time and the petition was filed within an acceptable amount of time after the legal papers were returned. Valverde v. Stinson, 224 F.3d 129, 133-35 (2d Cir.2000); see also Espinoza-Matthews v. California, 432 F.3d 1021, 1027-28 (9th Cir.2005); Lott v. Mueller, 304 F.3d 918, 925 (9th Cir.2002). In this case, equitable tolling is unavailable, because Petitioner has failed to show the confiscation caused his untimeliness or that he was diligent after his

papers were returned. Moreover, the time during which Petitioner was without his papers was statutorily tolled anyway.

Petitioner asserts his papers were taken on September 21, 2005, and not returned to him until January 9, 2006. As thoroughly discussed by Respondent, all of Petitioner's claims could have been raised in a federal petition prior to the time the papers were taken, because those claims either were known to Petitioner given they had already been presented in state petitions, or should have been known to Petitioner at the time of trial. The confiscation certainly did not cause his untimeliness.

In addition, Petitioner has not shown diligence. After the papers were returned to him, he still had some 270 days left in the limitations period. His delay of more than 270 days in presenting the instant claims does not attest to diligent behavior. Moreover, this argument for tolling is completely moot since that time period was already statutorily tolled during the pendency of Petitioner's third through fifth state petitions. For these reasons, the Court finds no reason to equitably toll the limitations period.

E.  Exhaustion

Respondent also moves to dismiss for Petitioner's failure to exhaust state remedies. Petitioner has not opposed Respondent's motion on this basis.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504

U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

In the first amended petition, Respondent argues that Ground Five and a portion of Ground Three have not been presented to the California Supreme Court and are therefore unexhausted. Ground Five was presented in Petitioner's direct appeal to the Fifth DCA; however, it was never presented to the California Supreme Court. Likewise, a portion of Ground Three was not presented to the California Supreme Court. Therefore, the petition must also be dismissed for failure to exhaust. 28 U.S.C. § 2254(b)(1).

F.  Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>     (B) the final order in a proceeding under section 2255.
>
>   (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>   (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the

petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Respondent's motion to dismiss the petition is GRANTED;

2) The first amended petition for writ of habeas corpus is DISMISSED WITH PREJUDICE for violating the statute of limitations and for failure to exhaust state remedies;

3) The Clerk of Court is DIRECTED to enter judgment for Respondent and terminate the case; and

4) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:   April 6, 2009**                    /s/ Sandra M. Snyder
                                              UNITED STATES MAGISTRATE JUDGE