UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JASON SAUNDERS, | ) | 1:07-CV-00557 SMS HC |
| Petitioner, | ) ) ) | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | ) ) | [Doc. #54] |
| JOHN TORRES, | ) ) | |
| Respondent. | ) ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

On April 6, 2009, the undersigned issued an order granting Respondent's motion to dismiss and dismissing the petition with prejudice for violating the statute of limitations set forth in 28 U.S.C. § 2244(d). The Clerk of Court entered judgment on the same date.

On April 24, 2009, Petitioner filed a motion for reconsideration pursuant to Federal Rules of Civil Procedure § 60(b). Respondent filed an opposition to said motion on May 8, 2009.

Rule 60(b) of the Federal Rules of Civil Procedure provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Petitioner requests reconsideration based on mistake and newly discovered evidence. He claims the Court has miscalculated the limitations period by failing to account for tolling of certain dates. He further argues he should be granted equitable tolling for times he was without his legal property and times he suffered from Valley Fever. His arguments present no basis for relief.

Petitioner first argues the Court miscalculated the commencement of the statute of limitations because Petitioner did not receive actual notice of the denial of his petition to the California Supreme Court until five days after the denial was issued. As noted by Respondent, however, a court will not extend finality until a petitioner receives actual notice of the disposition. Rouse v. Lee, 339 F.3d 238, 245 (4th Cir.2003) (en banc); Donovan v. Maine, 276 F.3d 87, 92 (1st Cir.2002); see also United States v. Garcia, 210 F.3d 1058, 1059-60 (9th Cir.2000) (stating general rule that a conviction becomes final for habeas purposes when either the time to petition for writ of certiorari expires or the petition is actually denied). Therefore, the Court properly calculated the commencement of the limitations period.

Petitioner next complains that there were short delays following the issuance of state habeas decisions until Petitioner actually received notice, including: 1) Seven days following the denial of the second habeas petition; 2) Seven days following the denial of the fifth habeas petition; and 3) Four days following the denial of the sixth habeas petition. While it is true that lengthy delays between the issuance of an order and an inmate's receipt of it might provide a basis for equitable tolling, such is not the case here. First, these delays were very brief, not lengthy in nature. Second, the subsequent state habeas petitions were either non-ascending or untimely. Petitioner receives no tolling for the time between the second and third petitions because the third petition was non-ascending. Likewise, the time between the fifth and sixth petitions is not tolled since the sixth petition was non-ascending. Petitioner also receives no tolling for the time between the sixth and

seventh petitions because the seventh petition was untimely. Therefore, Petitioner receives no tolling for these brief delays in receiving the state decisions.

Petitioner next argues the date of filing of the federal petition should be April 8, 2007, the date he signed and delivered his petition, rather than April 11, 2007, the date of actual filing, per the mailbox rule. Pursuant to Houston v. Lack, the Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. 487 U.S. 266, 276 (1988). The Ninth Circuit has extended this rule to the assessment of timeliness of federal habeas filings under AEDPA's limitations period. Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir.2001). Nevertheless, even if the Court were to consider April 8, 2007, as the date of filing, the federal petition would continue to be untimely since the limitations period expired on April 4, 2007.

Petitioner also claims he should be granted equitable tolling for the nine days he was without legal materials between August, 2006, and January, 2007, when prison authorities seized his materials or he was being transported to court. As Respondent points out, Petitioner would have known the factual basis for his claims no later than August of 2005, the date he filed his fifth state habeas petition. At that point, only 95 days had lapsed on the limitations period, and there was still a substantial amount of time to file a timely federal petition. The loss of nine days did not cause the untimely filing and certainly does not meet the standard for equitable tolling. See Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.2009).

Petitioner next contends he is entitled to equitable tolling for the period between June of 2007 until August of 2008, because the Court granted numerous extensions of time and because Petitioner had difficulty accessing his legal materials. Respondent correctly argues that equitable tolling is not warranted. First, the statute of limitations had already expired before the Court granted the extensions. Second, the factual bases of the claims were known to Petitioner in August of 2005. The problems Petitioner allegedly suffered did not cause his untimeliness.

Finally, Petitioner argues he should be granted equitable tolling for a medical condition he suffered from June of 2007 to the present. For the same reasons stated above, this condition did not cause him to miss the April 4, 2007, deadline.

Respondent also correctly contends that the amended petition is not fully exhausted, and Petitioner does not dispute the dismissal of the petition on this basis.

**ORDER**

Accordingly, Petitioner's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:  June 9, 2009**              /s/ Sandra M. Snyder
UNITED STATES MAGISTRATE JUDGE